UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

John E. Nails,

    Petitioner,

vs.                           Case No. 5:10-cv-261-Oc-36DNF

Secretary, Florida Department
of Corrections and
Florida Attorney General,

    Respondents.
_____

## OPINION AND ORDER

Petitioner John E. Nails ("Nails" or "Petitioner") initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, Petition). Nails is currently incarcerated within the Florida Department of Corrections serving a life sentence after being convicted of robbery with a firearm in two separate jury trials arising out of the Fifth Judicial Circuit, Lake County (case numbers 92-CF-60 and 93-CF-30). Petition at 1. The Petition sets forth one ground for relief:

> Whether the State Appellate Court's Refusal to Accept Petitioner's Notices of Appeal Denied Petitioner His Constitutional Rights to Due Process and Access to the Court.

Id. at 3. Respondent filed a response to the Petition (Doc. #5, Response), incorporating a motion to dismiss the Petition for failing to state a cause of action and for untimeliness. Response at 1. Petitioner filed a traverse to the Response (Doc. #7).

When a prisoner challenges "the fact of his conviction or the duration of his sentence," those claims "fall within the core of habeas corpus" petitions. Nelson v. Campbell, 541 U.S. 637, 643, (2004) (internal punctuation and citation omitted). In particular, as noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). See also, Wilkinson v. Dotson, 544 U.S. 74, 79 (2005); Edwards v. Balisok, 520 U.S. 641, 645-46 (1997).

"By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core and may be brought pursuant to" a civil rights action. Nelson at 643 (citations omitted). The result of a successful constitutional challenge to the conditions of an inmate's confinement entitles an inmate to a correction of the unconstitutional condition and/or damages if the inmate can demonstrate an actual injury. Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990)(citations omitted). Thus, claims that an inmate are being denied access to the courts in violation of his First Amendment rights to pursue an arguable nonfrivolous underlying claim are properly brought as a civil rights action. Christopher v. Harbury, 536 U.S. 403, 414-15 (2002).

Here, Petitioner alleges that the order, entered by the State's Fifth District Court of Appeals' on February 1, 2008, prohibiting Nails "from filing with [the Fifth District Court] any further *pro se* pleadings concerning Lake County Fifth Judicial Circuit Court case numbers 1992-CF-60 and 1993-CF-30. . . . unless they are filed by a member in good standing of The Florida Bar," violates Petitioner's First Amendment right of access to the courts. Petition 4. As relief, Petitioner requests that the Court "reverse and remand" the State court order and direct the State clerk to accept Petitioner's future filings. Clearly, success on the merits of this claim would not entitle Nails to expedited release from imprisonment. Consequently, Petitioner's claim does not fall within the ambit of a habeas corpus petition. Instead, Petitioner's claim, challenging that he is being denied access to court in violation of the First Amendment, would more appropriately be brought in a civil rights action pursuant to 42 U.S.C. § 1983 not a petition for writ of habeas corpus.

ACCORDINGLY, it is hereby

**ORDERED and ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED** for the reasons set forth herein.

2. The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and, close this file.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 129 S. Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Orlando, Florida, on this ___ day of April, 2012.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record